**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **STEPHANIE POWELL AND KALIA POWELL** | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 3:16-CV-127-CWR-LRA** |
| **TARGET CORPORATION D/B/A TARGET STORE NO. 754; ADONUS LIGGINS; LADERRICA THOMAS; AND JOHN DOES 1-5** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the plaintiffs' Motion to Remand. Docket No. 3. Defendant Target opposes the motion with its response. Docket No. 8.[1] After reviewing the pleadings, memoranda, and applicable law, the Court finds that the motion should be denied.

### I. BACKGROUND

This suit arises from a July 26, 2013, armed robbery and assault that occurred in the Target parking lot located in Jackson. On June 2, 2015, plaintiffs Stephanie Powell and Kalia Powell, both citizens of Mississippi, filed their complaint in this matter in the Circuit Court of Hinds County. Docket No. 1-1. The plaintiffs named as defendants Target Corporation d/b/a Target Store No. 754, a foreign corporation doing business in Mississippi, with its principal place of business in Minnesota; Addonus Liggins; and Laderrica Thomas. The latter two defendants are citizens of Mississippi. The plaintiffs brought negligence claims against Target and negligence and "armed robbery" claims against Liggins and Thomas. The complaint alleged

---

[1] Plaintiffs filed a rebuttal, Docket No. 10, to which Defendant sought leave to file a surrebuttal. Docket No. 11. In turn, Plaintiffs sought leave to file a reply to Target's proposed surrebuttal. Docket No. 12. The Court grants defendant's motion for leave to file surrebuttal and the plaintiffs' motion for leave to file reply to defendant's surrebuttal.

that plaintiffs "should be compensated by way of a monetary judgment" for their "reasonably foreseeable substantial physical and mental anguish including punitive damages," but it demanded no specific amount. *Id*.

Liggins, who is currently serving 35 years in the custody of the Mississippi Department of Corrections for the instant and other robberies, was served with process on June 15, 2015. On June 22, 2015, Target was served with process. Thomas was never served.

On February 19, 2016, Target filed its notice of removal pursuant to 28 U.S.C. §§ 1446(3) and 1332, alleging improper joinder of Liggins and Thomas. Docket No. 1. The plaintiffs argue that this Court does not have diversity jurisdiction over this case. They contend that Target's removal was untimely because "the fact that the complaint exceeded $75,000 in damages was readily apparent from the outset," and their 30 days in which to remove had long lapsed. Docket No. 4. The plaintiffs also argue that because Liggins did not answer the complaint, he waived his right to assert the statute of limitations defense, and therefore is not improperly joined. Target argues that the case first became removable on February 16, 2016, when remand-related discovery revealed no reasonable possibility of recovery against the in-state defendants because the claims against them were untimely under Mississippi's one-year statute of limitations for intentional torts.

## II. LEGAL STANDARDS

### A. Removal

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of

costs and interest, and the matter is between citizens of different states. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants are entitled to remove to a federal forum unless an in-state defendant has been properly joined. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

"[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Cuevas*, 648 F.3d at 249. "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-cv-636, 2011 WL 2112416, at *2 (S.D. Miss. May 26, 2011) (quoting *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-cv-273, 2011 WL 3290394, *3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against finding jurisdiction.").

### B. Improper Joinder

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The doctrine "implements the [federal courts'] duty to not allow manipulation of our jurisdiction." *Smallwood*, 385 F.3d at 576. "[A] non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Flagg v. Stryker Corp*. 819 F.3d 132, 136 (5th Cir. 2016) (citation omitted). Simply stated, "the test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of

recovery by the plaintiff against the in-state defendant.'" *Id*. (citation omitted). Where the Court finds that a defendant has been improperly joined, it "may disregard the citizenship of that defendant [for diversity purposes], dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Id*.

To establish improper joinder, the removing party bears the burden of demonstrating "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal,* 408 F.3d at 183 (citation omitted). "[A] court may choose to use either one of the two analyses, but it must use one and only one of them, not neither or both." *Int'l Energy Ventures Magmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). Jurisdictional facts are determined at the time of the removal, and the district court "must examine the plaintiff's possibility of recovery against the defendant *at the time of removal*." *Flagg*, 819 F.3d at 137 (emphasis in original). While the removing party's burden of demonstrating improper joinder is a heavy one, more than a mere theoretical possibility of recovery under state law is needed to survive a claim of improper joinder. *Stewart v. Glenburney Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *2 (S.D. Miss. Dec. 28, 2008) (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

Here, Target does not allege any actual fraud in the complaint. Therefore, the second test is applicable. That test is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood,* 385 F.3d at 573; *see also Glenburney Healthcare*, 2008 WL 5412311, at *3.

In determining whether a non-diverse defendant has been improperly joined, the court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint

4

to determine whether the complaint states a claim under state law against the in-state defendant." *Bell v. Texaco, Inc.*, 493 Fed. App'x, 587, 591 (5th Cir. 2012) (citing *Smallwood*, 385 F.3d at 573).[2] Alternatively, the district court may, in its discretion, "pierce the pleadings" to consider summary judgment-type evidence. *Smallwood*, 385 F.3d at 573-74. "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.,* at 573.

Because this case is presently proceeding in diversity, Mississippi substantive law is applicable. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. S*t. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

## III. DISCUSSION

### A. Timeliness of Remand

A defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The complaint states in pertinent part:

14. Defendants, Adonus Liggins and Laderrica Thomas on June 26, 2013, acted with reckless disregard for the safety of Plaintiffs, and with gross negligence in their armed robber[y] of Plaintiffs as alleged herein.

---

[2] Generally, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. July 12, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In conducting this analysis on a motion to remand, the district court must apply the federal pleading standard. *Int'l Energy Ventures*, 818 F.3d at 208.

> 15. As a direct and approximate [sic] result of one or more of the foregoing negligent acts or omissions of the Defendants, Target Corporation . . . Adonus Liggins, and Laderrica Thomas, the Plaintiffs, have sustained severe and permanent injuries.

Target argues that it was able to determine the true nature of the "negligence" claims alleged against Liggins and Thomas only after propounding interrogatories and receiving the plaintiffs' responses. In their interrogatory responses, the plaintiffs clarified that their claims against Liggins are for "assault by threat and robbery of Stephanie Powell and assault by attempted robbery of Kalia Powell," and that "Plaintiff will seek in the amount of $1,500,000.00 as compensatory damages." Docket No. 1, at 2. Target contends that this is when it was first revealed that the claims against the in-state defendants were intentional torts with a one-year statute of limitations. Target argues that case became removable based on diversity jurisdiction because Liggins and Thomas were improperly joined and the amount in controversy was satisfied.

The plaintiffs respond that while their complaint did not include a numerical amount of damages sought, it was apparent on the face of the complaint that they were seeking damages in excess of $75,000.00. But, even if that were true, satisfying the amount in controversy requirement is not enough to make a case removable. It must also have been apparent that complete diversity of the parties existed.

From the face of the complaint, it is not apparent whether the plaintiffs were alleging negligence claims governed by a three-year statute of limitations or intentional torts which are governed by a one-year statute of limitations. Therefore, it was not apparent upon the filing of the complaint that the case was removable based on diversity jurisdiction. Target received the

plaintiffs' interrogatory responses on February 16, 2016, and filed its Notice of Removal on February 19, 2016, well within the 30-day period. Therefore, Target's removal was timely.

The remaining issue before the Court is whether Liggins and Thomas were improperly joined.

### B.  Improper Joinder

The Fifth Circuit has held that improper joinder based on non-jurisdictional affirmative defenses, like statutes of limitations, may bar the plaintiffs' claims against the non-diverse defendant. *Flagg*, 819 F.3d, at 139.

Mississippi Code § 15-1-35 provides that:

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Here, it is undisputed that the plaintiffs asserted claims of assault against Liggins and Thomas. These alleged acts of assault occurred on July 26, 2013. The plaintiffs, however, filed their complaint on June 2, 2015, almost one year after the statute of limitations had expired. *See Howard v. Wilson*, 62 So. 3d 955, 956 (Miss. 2011) ("There is no such thing as a negligent assault."). Thus, the plaintiffs' claims against Liggins and Thomas are time-barred under Mississippi's statute of limitations for intentional torts.

Given that there is no reasonable possibility of recovery against Liggins and Thomas in state court, they were improperly joined. *Accord Mendrop v. Shelter Mut. Ins. Co.*, No. 2:05-CV-15-P-B, 2006 WL 2246429, at * 5 (N.D. Miss. Aug. 4, 2006) (court found no possibility of recovery against insurance agent where claims barred by statute of limitations; thus concluding that agent had been improperly joined); *Williams v. Transport, LLC*, No. 4:13-cv-76, 2013 WL 6507351, at *3 (S.D. Miss. Dec. 12, 2013) (finding that claims against in-state defendant were

barred by the statute of limitations, consequently defendant was improperly joined). Therefore, this Court has subject matter jurisdiction over this case under § 1332.[3]

## IV. CONCLUSION

Accordingly, the plaintiffs' motion to remand is denied. The claims against Liggins are dismissed. Within 10 days of the entry of this Order, the parties are directed to contact the chambers of the Magistrate Judge for entry of a scheduling order.

**SO ORDERED**, this the 1st day of September, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiffs also contend that Target's removal was procedurally defective because Liggins did not consent to the removal. Improperly joined defendants, however, need not consent to removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).